# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

December 11, 2024

**BY ECF**

Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*[Handwritten annotation: Mr. Alexander can remove and return his location monitoring equipment by January 14, 2025. So ordered. [signature] U.S.D.J. 12/12/24]*

Re: <u>United States v. Khayyam Alexander</u>
23 Cr. 474 (JGK)

Dear Judge Koeltl:

    I write to respectfully request that the Court allow pretrial services to remove Khayyam Alexander's electronic monitor two weeks before his January 17, 2025 voluntary surrender date. Pretrial services takes no position on this request. The government objects to this request but would consent to removing the monitor three days before the surrender date.

    On June 15, 2023, Mr. Alexander was presented in Magistrate Court. Following a contested bail hearing, Magistrate Judge Lehrburger set the following bail conditions:[1]

> $100,000 personal recognizance bond to be co-signed by one financially responsible person, Mr. Alexander's mother; Mr. Alexander's mother to serve as his third party custodian; compliance with pretrial services supervision as directed; 6:00 pm to 6:00 am curfew enforced by a location monitoring device; maintain or seek employment; surrender all travel documents with no new applications; travel restricted to the Southern District of New York and the Eastern District of New York; comply with the conditions of New York State parole; no contact with any co-defendants outside the presence of counsel; drug

---

[1] Following the bail hearing, the Court denied the government's request for a stay of its ruling pending appeal to the Part 1 judge. The government then immediately appealed the Court's decision to District Court Judge Failla. Judge Failla found that the government had not met its burden of establishing that Mr. Alexander posed a serious risk of flight, and therefore denied the government's request for a detention hearing. Judge Failla did not modify the conditions of Mr. Alexander's release, instead deferring to the conditions originally set by Judge Lehrburger.

Hon. John G. Koeltl

testing and treatment as directed; and not possess personal identification information of any other person.

Mr. Alexander was released on his own signature and returned the following day to receive the location monitoring device. He timely complied with the remainder of the conditions of release.

On June 26, 2023, Magistrate Judge Moses modified the conditions of release to allow pretrial services discretion to set the curfew hours, as Mr. Alexander's construction job required him to leave home before 6:00 am each morning to get to work.

On August 20, 2024, Mr. Alexander pled guilty to one count of conspiracy in violation of 18 U.S.C. § 371. Last month, this Court sentenced Mr. Alexander to 16 months' incarceration with a voluntary surrender date of January 17, 2025.

Mr. Alexander has now been under pretrial services supervision for a year and a half. In 18 months, he has only missed curfew one time after falling asleep at a friend's house. He has never evinced an intent to flee and has remained largely compliant with the conditions of release, reporting regularly to pretrial as directed and abiding by his curfew restriction.

Mr. Alexander now respectfully requests permission to have pretrial services remove his location monitoring device two weeks before his January 17, 2025 voluntary surrender date. Pretrial services takes no position on this request. In the alternative, Mr. Alexander requests permission to remove and return the device to pretrial services three days before his surrender date, consistent with the Court's order in a related case, *United States v. Saheed Dupree*, 23 Cr. 583, ECF No. 56 (Aug. 7, 2024) (Koeltl, J.). The government objects to removing the device two weeks before the voluntary surrender date but would consent to removing the monitor three days before the surrender date.

Thank you for your attention to this matter.

Respectfully submitted,

/s/

Marne L. Lenox, Esq.

*Counsel for Khayyam Alexander*

cc:    Counsel of record

**SO ORDERED:**

_____
**THE HONORABLE JOHN G. KOELTL**
United States District Judge